IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | : |
| | :     **CIVIL NO. 25-5036** |
| v. | : |
| **DARYL F. HELLER, PARAMOUNT MANAGEMENT GROUP, LLC, and PRESTIGE INVESTMENT GROUP, LLC** | : |

**ORDER**

AND NOW, this _____ day of November, 2025, upon consideration of the Government's Motion to Intervene and Stay Proceedings, it is hereby

ORDERED

that the Government's Motion is GRANTED, and accordingly:

1. The United States is permitted to intervene in the above-captioned case.

2. The above-captioned civil action is stayed pending the resolution of the criminal action in this district: *United States v. Daryl F. Heller*, Criminal No. 25-366.

BY THE COURT:

_____
HONORABLE CATHERINE HENRY
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** : : **CIVIL NO. 25-5036** **v.** : : **DARYL F. HELLER, PARAMOUNT MANAGEMENT GROUP, LLC, and** : **PRESTIGE INVESTMENT GROUP, LLC** | |

## GOVERNMENT'S MOTION TO INTERVENE AND STAY PROCEEDINGS

The United States of America, through its attorneys, David Metcalf, United States Attorney in and for the Eastern District of Pennsylvania, and Francis A. Weber and J. Andrew Jenemann, Assistant United States Attorneys, moves to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure and to stay proceedings pending the resolution of a parallel criminal case. In support of this motion the government states as follows:

1.  On August 21, 2025, a grand jury sitting in the Eastern District of Pennsylvania returned a five-count indictment charging defendant Daryl F. Heller with one count of securities fraud in violation of 15 U.S.C. § 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, and four counts of wire fraud, in violation of 18 U.S.C. § 1343. The charges stem from an alleged investment fraud scheme spanning in or around January 2017 through December 2024, which defendant Heller is alleged to have carried out through his positions at Paramount Management Group, LLC ("Paramount") and Prestige Investment Group, LLC ("Prestige").

2.  On September 4, 2025, the defendant was arraigned and entered a plea of not guilty.

3.  The government has begun to produce discovery in the criminal case, which is scheduled for trial on April 13, 2026.

4.   In this civil action, which was filed on September 3, 2025, the Securities and Exchange Commission ("SEC") alleges in its complaint substantially the same conduct that underlies the criminal action. All three defendants have been served with the summons and complaint. There are no pending motions before the Court, and none of the three defendants have submitted an answer to the complaint.

5.   A stay of this civil action is warranted in light of: (i) the substantial overlap between this civil action and the criminal action and the parallel nature of the matters; (ii) the procedural posture of the criminal case, where discovery is underway and a trial date is set, and this civil action, which is in its very early stages, and (iii) the likelihood that resolution of the criminal case will resolve most, if not all, of the claims asserted against the defendants in the civil action. *See, e.g.*, *SEC v. Matthei*, 2025 WL 1193841, at *1–6 (D.N.J. Apr. 24, 2025) (staying SEC civil case against two defendants pending resolution of criminal actions filed against them for substantially the same conduct); *SEC v. Manor*, 2020 WL 3446306, at *1–3 (D.N.J. Jun. 24, 2020) (staying SEC civil case against four defendants—two individuals and two corporations—pending resolution of a criminal action filed against the two individual defendants for substantially the same conduct); *SEC v. Sacanell*, Case No. 24-cv-5839, ECF No. 9 (E.D. Pa. Nov. 12, 2024) (staying SEC civil case against a defendant pending resolution of a criminal action filed against him for substantially the same conduct); *SEC v. Fishoff*, 2016 WL 1262508, at *4 (D.N.J. Mar. 31, 2016) (staying discovery in SEC civil case that named as defendants both individuals and corporations pending resolution of parallel criminal cases filed against the individual defendants); *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) (upholding stay of a civil case because the government filed a criminal case that involved "substantial matters of the same nature," such that "resolution of the criminal case would moot,

clarify, or otherwise affect various contentions in the civil case").

6. A stay of this civil action would preserve judicial resources because it would result in the avoidance of duplicative litigation. A stay would also preserve the resources of the parties to the civil action as they would not be required to litigate claims that are the subject of the ongoing criminal case.

7. The defendant is represented in this action by Richard A. Weintraub, Esq. On November 3, 2025, Attorney Weintraub advised counsel for the government that the defendant consents to a stay of this civil action pending resolution of the criminal matter.

8. Paramount and Prestige have been served with the complaint in this case but have not yet entered appearances through counsel. The government is not aware of contact information for counsel for Paramount and Prestige in this matter. Although Paramount and Prestige are not charged as defendants in the criminal case, the indictment alleges that defendant Heller carried out the charged fraud schemes via his control and ownership over Paramount and Prestige. Accordingly, for the reasons stated above, a stay as to Paramount and Prestige is appropriate because it would preserve resources and resolve most, if not all, of the claims against all three defendants in the SEC matter. *See Manor*, 2020 WL 3446306, at *1–3 (staying SEC civil case as to two corporate defendants that were named as defendants in the SEC case but not named as defendants in the criminal case because the charged criminal defendants allegedly carried out the scheme via the two corporate defendants named in the SEC civil case); *Fishoff*, 2016 WL 1262508, at *4.

9. The SEC has informed counsel for the government that it takes no position with respect to the request and does not oppose the requested stay.

      10.    A proposed order is attached for the Court's consideration.

                              Respectfully submitted,

                              DAVID METCALF
                              United States Attorney

                              */s/ Francis A. Weber*
                              FRANCIS A. WEBER
                              J. ANDREW JENEMANN
                              Assistant United States Attorney

Date:   November 5, 2025

## CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing was served by electronic filing on all counsel of record and via email to Richard Weintraub, Esq. (rick@weintraublawgroup.com), counsel for defendant Daryl F. Heller.

                                                */s/ Francis A. Weber*
                                                FRANCIS A. WEBER
                                                Assistant United States Attorney

Dated: November 5, 2025