IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | CIVIL ACTION |
| v. | No. 25-5036 |
| DARRYL F. HELLER, *et al.* | |

## ORDER

**AND NOW**, this 6th day of January, 2026, upon a motion by the United States of America to intervene and to stay (ECF 9), it is hereby **ORDERED** that the motion is **DENIED**.*

BY THE COURT:

*s/ Catherine Henry*
**CATHERINE HENRY, J.**

---

* The motion by the United States does not indicate whether it seeks intervention by right or by permission. It does offer other SEC cases in which it was granted intervention and stay. *E.g.*, *S.E.C. v. Matthei*, Civ. No. 23-1810, 2025 WL 1193841 at *1–6 (D.N.J. Apr. 24, 2025) (permitting intervention by right of United States in SEC action). It is not accompanied by a pleading, as required, Fed. R. Civ. P. 23(c), although perhaps that would be unnecessary given the obviousness of the United States's claims. *But see SEC v. Investors Sec. Leasing Corp.*, 610 F.2d 175, 177–78 (3d Cir. 1979) (requiring close adherence to procedural requirements).

　　Rightful intervention requires a movant to show that its "sufficient interest in the litigation . . . may be affected or impaired, as a practical matter by the disposition of the action; and [] the interest is not adequately represented by an existing party in the litigation." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (citation omitted). In *Matthei*, the court observed that the United States had demonstrated a "tangible threat" to its "significantly protectible legal interest" where the progression of civil discovery in the SEC's case might allow "the use of discovery in [the civil action] to bypass the narrower scope of discovery in" the criminal action. *Matthei* at *4 (citation and quotation marks omitted). Without passing on whether such reasoning would apply here, there is no similar showing in the present motion. The United States does not suggest that its interests are inadequately represented by the SEC, except perhaps by citation to *SEC v. Manor*, 2020 WL 3446306, at *1–3 (D.N.J. Jun. 24, 2020), in which the court held the SEC's interests to be distinct and potentially conflicting without further analysis or authority. (*Manor* was also a case in which the government sought to intervene only "for the limited purpose" of staying the civil matter.)

　　Because the United States has not made a showing for its (unlimited) intervention, and because neither party joined the motion to stay, I do not reach that issue. Were either party or both to move to stay, I would of course consider that motion.